**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE SOWELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. __________________ |
| | ) | |
| WINTRUST MORTGAGE and KRISTEN SZWED, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**COMPLAINT**

The plaintiff, Stephanie Sowell, by her attorney, hereby presents this Complaint against defendants Wintrust Mortgage Corporation and Kristen Szwed, pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*. and the Civil Rights Act of 1866, Section 1891, 42 U.S.C. § 1981 for discrimination, retaliation, and constructive discharge based on her race (black).

**THE PARTIES**

1. Defendant Wintrust Mortgage is an Illinois corporation with its principal place of business in Rosemont, IL. Its parent company is Barrington Bank and Trust Company, N.A., whose parent company is Wintrust Financial Corporation.

2. Wintrust Mortgage originates and purchases mortgages. It operates retail mortgage offices in the Chicago, Minneapolis and Los Angeles metropolitan areas.

3. Defendant Kristen Szwed, a white female, is a resident of Illinois. At all times relevant to this action, she was employed by Wintrust Mortgage as the Branch Manager of its Tinley Park, IL location.

4. Plaintiff Stephanie Sowell, a black female, was employed by Wintrust Mortgage as a Loan Originator in its Tinley Park, IL location from February 2012 until September 2014. She is a resident of Illinois.

5. As detailed below, while employed by Wintrust Mortgage, the plaintiff experienced discrimination, retaliation, and constructive discharge on account of her race (African-American) and for engaging in protected activity.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the plaintiff resides in this District, the defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The Northern District of Illinois has personal jurisdiction over the defendants because they reside in and/or and maintain offices in this District and/or do business in Illinois.

## PROCEEDINGS IN THE EEOC

9. On February 23, 2015, Ms. Sowell filed an EEOC charge against Wintrust Mortgage alleging race discrimination and retaliation. **Exhibit A**, Charge No. 440-2015-02962.

10. The EEOC issued a Notice of Right to Sue on September 22, 2016. **Exhibit B.**

11. Ms. Sowell timely files this Complaint within ninety days of her receipt of the Notice of Right to Sue.

## FACTUAL BASIS OF MS. SOWELL'S CLAIMS

12. Stephanie Sowell was employed by Wintrust Mortgage as a Loan Originator in its Tinley Park, IL location from February 2012 until September 2014.

13. At all times relevant to this action, Wintrust Mortgage employed more than 500 individuals.

14. As a Loan Originator, Ms. Sowell sold Wintrust Mortgage products to prospective borrowers.

15. Ms. Sowell was paid solely on a commission basis. Her entire compensation depended on the loans that she originated being closed.

16. Ms. Sowell's area of expertise was putting together renovation loans for residential and commercial properties.

17. Her client base was predominantly African-American.

18. During the time of Ms. Sowell's employment, Wintrust Mortgage offered loan products supported by government agencies like the FHA, the VA, Fannie Mae, and Freddie Mac.

19. During the time of Ms. Sowell's employment, Wintrust Mortgage also offered loan products funded by third-party investors.

20. The agencies and investors funding these loans established certain basic underwriting criteria, but the defendants had discretion to make decisions within those criteria.

21. In addition, the defendants had the discretion to refuse to send loans to underwriting altogether, or to take other actions to prevent loans from being funded.

22. Wintrust Mortgage and Ms. Szwed held loans originated by Ms. Sowell to a different, and higher, standard than the loans originated by her non-African-American counterparts.

23. Additionally, or in the alternative, Wintrust Mortgage and Ms. Szwed held loans originated on behalf of African-American borrowers to different, and higher, standards than the loans originated on behalf of non-African-American borrowers.

24. As a result, loans originated by Ms. Sowell were denied more often than similar loans originated by her non-African-American counterparts.

25. Additionally, or in the alternative, loans originated on behalf of African-American borrowers were denied more often than similar loans originated on behalf of non-African-American borrowers.

26. The defendants also acted to prevent loans originated by Ms. Sowell from being completed and from being sent to underwriting in the first place.

27. The defendants scrutinized Ms. Sowell's deals more closely than those of non-African-American Loan Originators and/or Loan Originators who did not deal with primarily African-American borrowers.

28. Ms. Szwed made disparaging comments to Ms. Sowell about her African-American client base and about the neighborhoods in which they sought to purchase property.

29. Ms. Szwed also contacted appraisers who were working on Ms. Sowell's deals and asked them to lower their appraisal values.

30. The defendants' actions damaged Ms. Sowell's business and prevented her from earing commissions.

31. Ms. Sowell complained to Ms. Szwed about this treatment, to no avail.

32. In September 2014, Ms. Sowell, unable to make a living under the unlawful and damaging conditions imposed by the defendants, was forced to resign and take a position at another company.

## FIRST CLAIM FOR RELIEF

**Race Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.**

**Brought against Wintrust Mortgage**

33. The plaintiff realleges each of the paragraphs set forth above.

34. Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits or privileges of employment based on their race, including with respect to performance evaluations, compensation, discipline, and promotional opportunities.

35. Title VII also prohibits employers from classifying or segregating employees because of race, either intentionally or unintentionally, and either by way of either disparate treatment or practices that create a disparate impact.

36. Wintrust Mortgage is an "employer" within the meaning of Title VII, and the plaintiff is an "employee" within the meaning of Title VII.

37. As detailed above, Wintrust Mortgage denied the plaintiff the equal terms, conditions, benefits or privileges of employment because of her race.

38. As detailed above, the plaintiff's race was a motivating factor in Wintrust Mortgage's conduct towards her.

39. In addition, Wintrust's actions pursuant to its loan origination policies resulted in a disparate impact on Ms. Sowell.

40. Wintrust Mortgage's actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct.

41. The plaintiff was damaged by Wintrust Mortgage's conduct.

## SECOND CLAIM FOR RELIEF

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.

### Brought against Wintrust Mortgage

42. The plaintiff realleges each of the paragraphs set forth above.

43. Title VII prohibits employers from retaliating against anyone who engages in protected activity, including by opposing conduct reasonably believed to be unlawful under Title VII or by participating in an employer's internal investigation into allegations of conduct reasonably believed to be unlawful under Title VII.

44. The plaintiff engaged in protected activity by opposing conduct by Wintrust Mortgage that she reasonably believed was unlawful under Title VII. She complained to her supervisor, Ms. Szwed, on multiple occasions about the treatment she was receiving.

45. Wintrust Mortgage retaliated against the plaintiff, including continuing to prevent her loans from closing, for engaging in protected activity.

46. Wintrust Mortgage's actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct.

47. The plaintiff was damaged by Wintrust Mortgage's conduct.

## THIRD CLAIM FOR RELIEF

### Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq*.

### Brought against Wintrust Mortgage

48. The plaintiff realleges each of the paragraphs set forth above.

49. Title VII prohibits employers from terminating an individual's employment or forcing them to resign based on their race, either intentionally or unintentionally.

50. Wintrust Mortgage forced the plaintiff to resign because of the unlawful discrimination she experienced.

51. The plaintiff's race was a motivating factor for Wintrust Mortgage's conduct towards her.

52. Wintrust Mortgage's actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by Wintrust Mortgage.

53. The plaintiff was damaged by Wintrust Mortgage's conduct.

## FOURTH CLAIM FOR RELIEF

### Race Discrimination in Violation of the Section 1891 of the Civil Rights Act of 1866, 42 U.S.C. § 1981

### Brought against Wintrust Mortgage and Kristen Szwed

54. The plaintiff realleges each of the paragraphs set forth above.

55. Section 1981 of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981 ("Section 1981"), prohibits employers from subjecting their employees to discrimination with respect to terms, conditions, benefits or privileges of employment based on race, including with respect to performance evaluations, compensation, discipline, and promotional opportunities.

56. Section 1981 also grants all persons within the jurisdiction of the United States the same rights to make and enforce contracts and to the full and equal benefits of the law as is enjoyed by white citizens.

57. Both of the defendants denied the plaintiff the equal terms, conditions, benefits or privileges of employment because of her race.

58. The plaintiff's race was a motivating factor for both of the defendants' conduct towards her.

59. Both of the defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by the defendants.

60. The plaintiff was damaged by both of the defendants' conduct.

## FIFTH CLAIM FOR RELIEF

**Retaliation in Violation of the**
**Section 1891of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

**Brought against Wintrust Mortgage and Kristen Szwed**

61. The plaintiff realleges each of the paragraphs set forth above.

62. Section 1981 prohibits individuals from retaliating against anyone who engages in protected activity, including by opposing conduct reasonably believed to be unlawful under the Civil Rights Act of 1866.

63. The plaintiff engaged in protected activity by opposing conduct by the defendants that she reasonably believed was unlawful under the Civil Rights Act of 1866. She complained to her supervisor, Ms. Szwed, on multiple occasions about the treatment she was receiving.

64. Both of the defendants retaliated against the plaintiff, including by continuing to prevent her loans from closing, for engaging in protected activity.

65. Both of the defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by the defendants.

66. The plaintiff was damaged by both of the defendants' conduct.

## SIXTH CLAIM FOR RELIEF

**Constructive Discharge in Violation of the**
**Section 1891 of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

**Brought against Wintrust Mortgage and Kristen Szwed**

67. The plaintiff realleges each of the paragraphs set forth above.

68. Section 1981 prohibits employers from subjecting their employees to discrimination with respect to terms, conditions, benefits or privileges of employment based on race, including with respect to termination of employment.

69. Section 1981 also grants all persons within the jurisdiction of the United States the same rights to make and enforce contracts and to the full and equal benefits of the law as is enjoyed by white citizens.

70. The defendants forced the plaintiff to resign because of the unlawful discrimination she experienced.

71. The plaintiff's race was a motivating factor for the defendants' conduct towards her.

72. Both of the defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by the defendants.

73. The plaintiff was damaged by both of the defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Stephanie Sowell, prays for relief as to all counts of this Complaint as follows:

A. An order declaring that Wintrust Mortgage violated Title VII and that both of the defendants violated Section 1981;

B. An order enjoining future violations of Title VII and Section 1981;

C. Payment of the plaintiff's lost past and future compensation (including all wages, bonuses, and benefits of employment), compensatory damages, punitive damages, statutory damages, liquidated damages, and civil penalties;

D. Payment of the plaintiff's attorneys' fees and all costs of litigation (including any expert witness fees);

E. Pre-and post-judgment interest; and

F. All other and relief, whether legal or equitable, that the Court may deem equitable, just or appropriate.

## JURY DEMAND

The plaintiff, Stephanie Sowell, demands a trial by jury on all issues so triable that are raised in the foregoing Complaint.

Respectfully submitted,

Jamie S. Franklin

/s/ Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Electronically filed on December 14, 2016

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | FEPA<br>X EEOC | 440-2015-02962 |

Illinois Department of Human Rights, Chicago Commission on Human Rights and EEOC
*State or local Agency, if any*

| Name (*indicate Mr., Ms., Mrs.*) | Home Phone (*Incl. Area Code*) | Date of Birth |
|---|---|---|
| Ms. Stephanie Sowell | 708-878-6863 | 12/05/1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| 20245 Augusta Drive | Olympia Fields, IL 60461 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (*Include Area Code*) |
|---|---|---|
| Wintrust Mortgage | 500+ | 708-878-6863 |
| **Street Address** | **City, State and ZIP Code** | |
| 9700 W. Higgins Road Ste. 300 | Rosemont, IL 60018 | |
| **Name** | **No. Employees, Members** | **Phone No. (*Include Area Code*)** |
| | | |
| **Street Address** | **City, State and ZIP Code** | |
| | | |

RECEIVED EEOC
FEB 23 2015
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☑ RACE ☑ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☑ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 2012 | 9/15/14 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

I am an African-American female. I began working for Respondent Wintrust Mortgage in February 2012 as a Loan Officer.

During my employment, I was discriminated against on account of my race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended. I was subjected to different terms and conditions of employment than my non-African-American counterparts, including having my loans, which were primarily African-American clients, held to higher underwriting standards and/or denied at a higher rate. Furthermore, when I complained I was retaliated against for engaging in protected activity.

I was constructively discharged as of September 15, 2014, due to Wintrust Mortgage's interference in my ability to make a living as a Loan Officer.

I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2/18/15 S Sowell

Date — Charging Party Signature

**NOTARY** – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

# EXHIBIT B

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Stephanie Sowell
C/O: Jamie S. Franklin, Esq.
THE FRANKLIN LAW FIRM, LLC
53 West Jackson Blvd, Suite 803
Chicago, IL 60604

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-02962 | Lucia Garcia, Investigator | (312) 869-8175 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Julianne Bowman [signature]

Julianne Bowman,
District Director

9/22/16
*(Date Mailed)*

*Enclosures(s)*

cc: Marina Bokserman
WINTRUST MORTGAGE
9700 W. Higgins Rd, Suite 300
Rosemont, IL 60018